## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| **ANGEL KEY, on Behalf of Herself and on Behalf of All Others Similarly Situated,** | § § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. : 9:20-cv-241** |
| | § | |
| **v.** | § | |
| | § | |
| **GREAT AMERICAN FOODS** | § | |
| **CORPORATION,** | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |
| | § | |

## PLAINTIFF'S ORIGINAL  COLLECTIVE AND CLASS
## ACTION COMPLAINT & JURY DEMAND

## SUMMARY OF SUIT

1.      This case implicates the longstanding pay policy of Great American Foods Corporation ("Defendant"), which fails to properly compensate its non-exempt employees for all the work they performed.

2.      Employers are required to pay their employees for all the work they actually perform.  However, Defendant violated this standard by requiring its waitstaff to work before and after their shifts without any compensation at all.  Under this policy, Defendant denies its non-exempt employees pay to which they are legally entitled.

3.      Plaintiff Angel Key is similarly situated to the following classes of employees:

**FLSA Class:**

   **Waitstaff employed by Defendant at any time during the three-year period prior to filing this complaint to the present.**

**Rule 23 Class:**

   **Waitstaff employed by Defendant at any time during the four years before this Complaint was filed to the present, who that worked an opening or closing shift in weeks where the total time worked was forty hours or less.**

4.      Defendant violated the FLSA and state law by knowingly and willfully permitting Plaintiff and Class Members to perform work and/or remain on duty without paying them any wages.  Defendant had notice that Plaintiff and Class Members expected to be paid for their work on an hourly basis.  Defendant received the value of Plaintiff's and Class Members' work without compensating them for their services. Defendant willfully, deliberately, and voluntarily failed to pay Plaintiff and Class Members compensation for work performed.

5.      Defendant's conduct violates the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the Class Members, be paid for all work hours and be paid at one and one half their regular rate of pay for all hours worked in excess of forty within a single week. *See* 29 U.S.C. §§ 206-207.

6.      Defendant's conduct violates state law because Defendant and Plaintiff had an enforceable agreement whereby Plaintiff agreed to perform work for Defendant, and in return Defendant was to pay Plaintiff and Class Members at an agreed hourly rate for all time in which they performed compensable work.  Even if no enforceable agreement exists, Defendant received and accepted valuable services from Plaintiff and Class Members with notice that they expected to be paid hourly for these services, yet Defendant failed to pay Plaintiff and Class Members for services performed on Defendant's behalf.

7.      Therefore, Plaintiff files this action to recover on behalf of himself and Class Members all unpaid wages and other damages owed to them under the FLSA and state law, individually, as a 29 U.S.C. § 216(b) collective action, and as a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping practices which the Defendant has integrated into its time tracking and payroll policies and which have deprived Plaintiff and Class Members of their lawfully-earned wages.

## SUBJECT MATTER JURISDICTION AND VENUE

8.      This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, *et seq.*  This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

9.      Plaintiff's state law claims are not preempted by the FLSA because Plaintiff seeks to recover back wages under Texas state law to the extent those state law claims do not overlap with the FLSA's overtime or minimum wage provisions, including gap time claims for regular, non-overtime wages owed and minimum wage and overtime claims that fall outside of the FLSA's statute of limitations.

10.     Venue is proper in the Eastern District of Texas because Defendant is headquartered in this District and the restaurant that forms the basis of this lawsuit is located in this District.  As such a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

11.     Plaintiff Angel Key is an individual residing in Polk County, Texas.  Plaintiff's written consent form to this action is attached hereto as Exhibit "A."

12.     Defendant Great American Foods Corporation is a domestic for profit corporation that may be served process through its registered agent CT Corporation System, 1999 Bryan St, Suite 900, Dallas, Texas 75201.

13.     Class Members are all of Defendant's current and former hourly employees meeting the definitions in paragraph 3 above.

## FLSA COVERAGE

14.      At all material times, Defendant has been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

3

15.      At all material times, Defendant has been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

16.      Plaintiff and Class Members are employees of Defendant within the meaning of 29 U.S.C. § 203(e).

17.      "The FLSA protects employees who fall under either of two types of coverage: (1) 'enterprise coverage,' which protects all those who are 'employed in an enterprise engaged in commerce or in the production of goods for commerce,' or (2) 'individual coverage,' which protects those who are individually 'engaged in commerce or in the production of goods for commerce,' regardless of whether the employer constitutes an enterprise." *Duran v. Wong* 2012 WL 5351220, *2 (S.D. Tex. 2012). *See also*, 29 U.S.C. § 207(a)(1). *See also Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) ("*Either* individual *or* enterprise coverage is enough to invoke FLSA protection.").

18.      With regard to enterprise coverage, the FLSA states that it applies to "employees of enterprises that (1) have other employees engaged in interstate commerce and (2) have an annual gross volume of business equal to or in excess of five hundred thousand dollars." *Aberle v. Saunders MEP, Inc.,* 2011 WL 2728350, *3 n.2 (E.D. Tex. 2011) (citing 29 U.S.C. § 203(s)(1)(A)).

19.      At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

20.      Here, Defendant has had, and continues to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203 (s)(1)(A)(ii).

21.     Further, Defendant itself is engaged in interstate commerce since it orders supplies across state lines, conducts business deals with merchants across state lines, and processes customers' credit cards with banks in other states.

22.     At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

**FACTS**

23.     Defendant operates a restaurant in Livingston, Texas known as The Catfish King.

24.     Plaintiff Key has worked for Defendant as a server from approximately June of 2011 as a waitress.

25.     Defendant pays Plaintiff and its other waitstaff a tip credit reduced minimum wage of $2.13 an hour.  That is, Defendant pays its waitstaff a cash wage of $2.13 an hour and then claims a tip credit of $5.12 an hour to make up the difference between the $2.13 an hour cash wage and the federally mandated minimum wage of $7.25 an hour.

26.     However, Defendant did not pay its waitstaff for all the hours they really work.

27.     Instead, Defendant requires its waitstaff to perform a significant amount of work off the clock before and after the restaurant opens.  This work includes cleaning, setting up or taking down the salad bar, and performing other restaurant side work.  Defendant schedules its waitstaff to perform this work before and after the restaurant closes.  However, Defendant did not pay its waitstaff any compensation for this work, at either the federal minimum wage or the tip credit reduced minimum wage, despite the fact that this work is integral to the restaurant's operations.

28.     In approximately October of 2020, Defendant began paying its waitstaff the minimum wage for the pre and post shift work but has made no effort to pay its employees the wages it denied them prior to this date.

29.     FLSA/Rule 23 Class Members were employed by Defendant and performed work similar to Plaintiff.

30.     Plaintiff and Class Members performed their jobs under Defendant's supervision, and using materials and technology approved and supplied by Defendants.

31.     Plaintiff and FLSA/Rule 23 Class Members were required to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

32.     At the end of each pay period, Plaintiff and Class Members received wages from Defendant that were determined by common systems and methods that Defendant selected and controlled.

33.     Defendant paid Plaintiff an hourly rate.

34.     Defendant paid FLSA and Rule 23 Class Members an hourly rate.

35.     Plaintiff worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

36.     Each Class Member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

37.     When Plaintiff and Class Members worked more than forty hours in a workweek, Defendant did not pay them one and one-half times their regular hourly rate because Defendant did not pay them for all the hours they actually worked due to Defendant's policy of treating pre and post shift work as non-compensable time.

38.     When Plaintiff and Class Members worked fewer than forty hours in a workweek, Defendant did not pay them their agreed hourly rate for the pre and post shift periods during which Plaintiff and Class Members performed work duties. Throughout the relevant period, Defendant expected and required Plaintiff and Class Members to be available to work before and after their shifts.  This time constitute compensable time under the state law because (1) Defendant breached

6

an agreement with Plaintiff and Rule 23 Class Members by not paying them the agreed hourly rate for all hours worked, or (2) Defendant received and accepted the value of Plaintiff's and Class Members' unpaid work with reasonable notice that Plaintiff and Class Members expected to be paid for all hours worked, or (3) Defendant has been unjustly enriched by receiving the benefit of Plaintiff's unpaid work.

39.     Defendant has employed at least 40 people meeting the definition of FLSA and Rule 23 Class Members in this Complaint during the three year period before this lawsuit was filed.

40.     Defendant classified Plaintiff as non-exempt from overtime pay.

41.     Defendant classifies all FLSA and Rule 23 Class Members as defined in this Complaint as non-exempt from overtime pay.

42.     Defendant's method of paying Plaintiff and Class Members was willful, and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiff brings this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all persons who were, are, or will be employed by Defendant as non-exempt, hourly waitstaff, or in substantially similar positions, within three (3) years from the commencement of this action.  Defendant has not compensated these employees for all their compensable time as described above.

44.     Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because their claims are similar to the claims possessed by Class Members.

45.     Plaintiff has actual knowledge that Class Members have been denied compensation for time worked.  In addition, Plaintiff has actual knowledge that Class Members have also been

denied overtime pay for this work and would therefore likely join this collective action if provided a notice of their rights to do so together with a clear statement that doing so would not result in termination or other forms of retaliation by Defendant.

46.     Plaintiff is similarly situated to Class Members.  Like Plaintiff, Defendant subjected Class Members to its common practice, policy, or plan of refusing to pay overtime for all work performed, in clear violation of the FLSA.

47.     Other employees similarly situated to Plaintiff work, or have worked, for Defendant but were not paid the minimum wage for all the hours they worked.

48.     Other employees similarly situated to Plaintiff work, or have worked, for Defendant but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek because Defendant did not pay them for all the hours they worked.

49.     Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

50.     Class Members perform or have performed the same or similar work as Plaintiff.

51.     Defendant's failure to pay the minimum wage or overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Class Members.

52.     Although Plaintiff and Class Members may have different job titles, this action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant period:

      a.  Defendant maintained common scheduling systems and policies with respect to Plaintiff and Class Members, controlled the scheduling systems and policies

implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and Class Members;

b.  Defendant maintained common timekeeping systems and policies with respect to Plaintiff and Class Members;

c.  Defendant maintained common payroll systems and policies with respect to Plaintiff and Class Members, controlled the payroll systems and policies applied to Plaintiff and Class Members and set the pay rate assigned to Plaintiff and Class Members; and

d.  Defendant controlled the scheduling policies and practices at issue in the litigation and had the ability to deprive Plaintiff and Class Members of wages owed for work they performed.

53.     The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

54.     Class Members, irrespective of their particular job requirements, are entitled to the minimum wage for all hours worked and overtime compensation for hours worked in excess of forty during a workweek.

55.     Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated, summed, and allocated based on a simple formula.

56.     Plaintiff's and Class Members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally compensate its employees.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.  Defendant had a plan, policy or practice of not paying Plaintiff and Class Members for all the hours they worked.

57.     As such, the class of similarly situated Plaintiff is properly defined as follows:

**Waitstaff employed by Defendant at any time during the three-year period prior to filing this complaint to the present.**

58.     Plaintiff estimates that the Class, including both current and former employees over the relevant period, will include more than 50 people.  The precise number of Class Members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from Class Members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).  The names and addresses of the Class Members of the collective action are discoverable from Defendant.  Given the composition and size of the Class, notice will be provided to these individuals via First Class Mail, text messages, e-mail, and other modes of notice similar to those customarily used in representative actions.

## COUNT ONE:  VIOLATION OF 29 U.S.C. § 207
## FAILURE TO PAY OVERTIME COMPENSATION
### (COLLECTIVE ACTION)

59.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

60.     Plaintiff and Class Members, Defendant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

61.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

62.     Throughout the relevant period, Defendant expected and required Plaintiff and Class Members to be available to work before and after their shifts.  In certain weeks, this extra time resulted in the non-payment of overtime because Defendant did not treat this time as compensable time.

63.    Plaintiff and Class Members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

64.    Defendant's failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

### COUNT TWO:  VIOLATION OF 29 U.S.C. § 206
### FAILURE TO PAY THE MINIMUM WAGE
### (COLLECTIVE ACTION)

65.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

66.    Plaintiff and Class Members, Defendant's employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

67.    The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than $7.25 per hour for every hour worked.

68.    Throughout the relevant period, Defendant expected and required Plaintiff and Class Members to be available to work before and after their shifts.  Defendant did not pay Plaintiff and the Class Members for this time resulting in them receiving less than the minimum wage.

69.    Plaintiff and Class Members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

70.    Defendant's failure to pay the minimum wage to Plaintiff and Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## STATE LAW CLASS ACTION ALLEGATIONS

71.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

72.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all other similarly situated employees, pursue state-law claims for breach of contract, quantum meruit, money had and received, and unjust enrichment against Defendant.

73.     Plaintiff seeks certification of the following class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> **Waitstaff employed by Defendant at any time during the four years before this Complaint was filed to the present, who that worked an opening or closing shift in weeks where the total time worked was forty hours or less.**

74.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's practice of failing to pay for pre and post shift work, thereby requiring unpaid work and failing to pay Plaintiff and other similarly situated employees their agreed rate of pay or the reasonable value of the services they rendered for all hours worked in non-overtime workweeks (weeks where the total number of hours worked was 40 hours or less). By definition this period excludes weeks where FLSA applies due to more than 40 hours total being worked.

75.     Throughout the relevant period, whether through an agreement, handbook, and/or policy, Defendant promised to provide Plaintiff and Class Members for the entirety of the time they worked.

76.     Throughout the relevant period, Defendant routinely knowingly allowed Plaintiff and Class Members to perform work before and after their shifts.

77.     Throughout the relevant period, Defendant knew that Plaintiff and Class Members regularly performed work because Defendant's agents regularly encouraged, instructed, suffered

and permitted Plaintiff and Class Members to perform this work and observed this work being performed on a regular basis.

78.     Throughout the relevant period, Defendant knew that Plaintiff and Class Members regularly performed pre- and post-shift work because Plaintiff and Class Members routinely engaged in this work on Defendant's premises, in plain sight, and at their managers' request.

79.     As a result, throughout the relevant period, Defendant knew that Plaintiff and Class Members were not being properly compensated for all of their work.

80.     Regardless, during the relevant period, Defendant failed to pay Plaintiff and Class Members for the valuable services provided during their workdays or prohibit Plaintiff and the Class Members from performing unpaid work. On the contrary, Defendant specifically authorized work to be done during these pre- and post-shift periods and received the benefit of such work.

81.     Defendant maintained common work, time, pay, and scheduling policies and procedures at issue during the relevant period.  As a result, Plaintiff and Class Members are similarly situated regardless of their job title and have been regularly deprived of pay owed for work they performed in workweeks where Plaintiff and the Class Members worked forty hours or less.

82.     As a result of its improper conduct, Defendant has retained money that it should have paid to Plaintiff and Class Members for their compensable work. By retaining this money, Defendant has received an inequitable windfall through, *inter alia*, reduced labor and operations costs and enhanced profit margins.

83.     Plaintiff's state-law claims against Defendant for breach of contract, quantum meruit, money had and received, and unjust enrichment against Defendant all satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action.

84.    **Numerosity**. The class satisfies the numerosity standard as it is believed to number over 50 class members.   Consequently, joinder of all class members in a single action is impracticable.   The data required to calculate the size of the class is within the sole control of Defendant.

85.    **Commonality**. There are common questions of law and fact common to the class that predominate over any questions affecting individual members.  The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

a.   Whether Defendant had a policy and practice of requiring pre- and post-shift work;

b.   Whether Plaintiff and Class Members performed work during unpaid pre- and post-shift periods;

c.   Whether Defendant directed, required, requested, and/or permitted Plaintiff and Class Members to work during their pre- and post-shift periods;

d.   Whether Defendant knew or should have known that Plaintiff and Class Members were not compensated for work performed during their pre- and post-shift periods

e.   Whether agreements existed between Plaintiff and Class Members concerning payment for work performed pre- and post-shift periods, and whether Defendant breached such agreements;

f.   Whether valuable services were rendered to Defendant by the Plaintiff and Class Members during unpaid pre- and post-shift times, and whether Defendant accepted the benefit of Plaintiff's and Class Members' unpaid services;

g.   Whether Defendant was unjustly enriched by Plaintiff's and Class Members' unpaid work;

14

h.  The proper measure of damages, including whether the reasonable value of such services can be based on the agreed hourly rate of pay.

86.  **Typicality**. Plaintiff's claims are typical of those of the class because Plaintiff's claims arise from the same course of conduct and legal theories as the claims of the prospective class members.  Like the Class Members, the Plaintiff worked as a driver for Defendant during the relevant time period. Like the Class Members, the Plaintiff was subject to the identical company-wide policy related to the automatic deduction in pay.  The other facts outlined above likewise apply equally to both the Plaintiff and the Class Members.

87.  **Adequacy**. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class members he seeks to represent.  The interests of the members of the class will be fairly and adequately protected by the Plaintiff and the undersigned counsel, who has experience in employment and class action lawsuits.

88.  **Superiority**. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even if the event any member of the Class could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system.  Individual litigation of 50 or more claims would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Class would create risk of inconsistent and varying judicial results and establish incompatible standards of conduct for Defendant. A single class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

## COUNT ONE: BREACH OF CONTRACT

89.  Plaintiff realleges and incorporates all allegations contained in the foregoing paragraphs.

90.     A valid and enforceable agreement existed between Plaintiff and Defendant, and Class Members and Defendant, the terms and conditions of which include, but are not limited to, an agreement by Plaintiff and Class Members to perform services for Defendant, and for Defendant to pay Plaintiff and Class Members at an agreed hourly rate for all time in which they performed compensable work.

91.     Plaintiff and Class Members duly performed under the agreement at Defendant's direction and for its benefit.

92.     Defendant failed and refused to perform its obligations under the agreement by failing to pay for pre- and post-shift periods when Plaintiff and Class Members performed work during such periods, thereby failing to compensate Plaintiff and Class Members for all time worked on behalf of Defendant.

93.     Plaintiff and Class Members are entitled to recover damages from these breaches for the last four years.

94.     Plaintiff and Class Members are entitled to attorney's fees for such breach of contract.

## COUNT THREE: QUANTUM MERUIT

95.     Plaintiff realleges and incorporates all allegations contained in the foregoing paragraphs.  This claim is plead in the alternative to the breach of contract claim.

96.     Plaintiff and Class Members performed valuable services for Defendant during their pre- and post-shift periods.

97.     These services had a reasonable value no less than the agreed hourly rate.

98.     Defendant accepted and retained the benefit of Plaintiff's and Class Members' performance of these valuable services.

99.     No contract exists between Plaintiff and Defendant, and Class Members and Defendant, regarding the provision of services during unpaid pre- and post-shift periods.

100.    Defendant had reasonable notice and/or knowledge that Plaintiff and Class Members expected to be compensated for services rendered for the Defendant.

101.    Defendant failed to pay Plaintiff and Class Members the reasonable value of the services performed during unpaid pre- and post-shift periods.

102.    Plaintiff and Class Members are entitled to recover damages under this claim for the last four years.

103.    Plaintiff and Class Members are entitled to attorney's fees and costs under this claim.

## COUNT FOUR: MONEY HAD AND RECEIVED

104.    Plaintiff realleges and incorporates all allegations contained in the foregoing paragraphs.

105.    Defendant received money from its customers and their agents for the work performed by the Plaintiff and Class Members during the pre- and post-shift periods, while Defendant failed to pay Plaintiff and Class Members for such work.

106.    Defendant holds money that in equity and good conscience belongs to Plaintiff and Class Members due to its failure to pay Plaintiff and Class Members for all hours worked.

## COUNT FIVE: UNJUST ENRICHMENT

107.    Plaintiff realleges and incorporates all allegations contained in the foregoing paragraphs.

108.    Defendant has been unjustly enriched at the expense of the Plaintiff and Class Members by failing to pay for work performed by Plaintiff and Class Members during the pre- and post-shift periods.

109.     Defendant knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff and the Class Members, despite its policy and practice of failing to pay Plaintiff and Class Members for such work.  In particular, Defendant received the benefit of the labor and services provided to Defendant's customers by the Plaintiff and Class Members.

110.     Such wrongful conduct demonstrates bad faith and undue advantage on the part of Defendant.

111.     It would be unjust and inequitable for Defendant to retain the benefit of the unpaid work performed by Plaintiff and Class Members.

## DAMAGES SOUGHT

112.     Plaintiff and FLSA Class Members are entitled to recover their unpaid overtime wage compensation.

113.     Plaintiff and FLSA Class Members are also entitled to an amount equal to all of their unpaid wages due under the FLSA as liquidated damages.  29 U.S.C. § 216(b).

114.     Plaintiff and FLSA Class Members are entitled to recover attorney's fees and costs as required by the FLSA.  29 U.S.C. § 216(b).

115.     Plaintiff and Rule 23 Class Members are entitled to recover damages flowing from the breach of contract, the reasonable value of the services they provided, all monies held by Defendant that belongs to Plaintiff and Rule 23 Class Members, the value by which Defendants were unjustly enriched by receiving the unpaid labor, attorneys' fees and costs, pre-judgment and post-judgment interest as provided by law, and such other relief the Court deems fair and equitable.

## JURY DEMAND

116.     Plaintiff hereby requests trial by jury.

## PRAYER

117.    For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a.  An order designating this action as a collective action on behalf of the Collective Class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

b.  An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

c.  An order finding that Defendant violated the FLSA;

d.  An order finding that these violations were willful;

e.  All unpaid wages;

f.  An equal amount as liquidated damages as allowed under the FLSA;

g.  Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

h.   Such other and further relief to which Plaintiff and Class Members may be entitled at law or in equity.

Respectfully submitted,

By: /s/ Beatriz Sosa-Morris
Beatriz Sosa-Morris
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:
John Neuman
JNeuman@smnlawfirm.com
State Bar No. 24083560
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive

Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813